# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-290V
**Filed: July 17, 2015**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*　　UNPUBLISHED

JULIO PAZ *and* OLGA PAZ, *on behalf of*　\*

J.P., *a minor child*,　\*

　　　　　　　　　　　　\*　　Special Master Gowen

　　　　　　　Petitioners,　\*

　　　　　　　　　　　　\*　　Joint Stipulation;

v.　　　　　　　　　　　\*　　Attorneys' Fees and Costs.

　　　　　　　　　　　　\*

SECRETARY OF HEALTH　\*

AND HUMAN SERVICES,　\*

　　　　　　　　　　　　\*

　　　　　　　Respondent.　\*

　　　　　　　　　　　　\*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Diana Stadelnikas Sedar, Maglio Christopher & Toale, Sarasota, FL, for petitioners.
Christine M. Becer, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 11, 2014, Julio Paz and Olga Paz ("petitioners") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioners alleged that as a result of receiving hepatitis A, tdap, meningococcal, and influenza vaccinations on October 4, 2012, their minor child J.P. suffered a pulmonary hemorrhage, acute liver failure, acute renal failure, encephalopathy, disseminated intravascular coagulation, hemophagocytic lymphohistiocytosis ("HLH"), and resulting death. See Petition. On November 24, 2014,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

petitioners filed a motion for a decision on the record. On June 23, 2015, the undersigned issued a decision denying compensation for petitioners.  See Decision, filed June 23, 2015.

On July 16, 2015, the parties filed a stipulation concerning attorneys' fees and costs. Petitioners requests a total award of attorneys' fees and costs in the amount of $20,875.18. Stip. for Fees and Costs ¶ 3. Specifically, petitioners request attorneys' fees and costs in the amount of $15,114.03 for their counsel Diana Stadelnikas Sedar, and attorneys' fees and costs in the amount of $5,761.15 for their former counsel, Alan H. King.  Id.  Respondent does not object to these amounts. Id. In accordance with General Order #9, petitioners represent that they did not incur any reimbursable costs in pursuit of this claim. Id. at ¶ 4.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the parties' stipulation, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

(1) **in the form of a check jointly payable to petitioners and to petitioners' attorney, Diana Stadelnikas Sedar, of Maglio Christopher & Toale, in the amount of $15,114.03;**

(2) **in the form of a check jointly payable to petitioners and to petitioners' former attorney, Alan H. King, in the amount of $5,761.15.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.